PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUSTINO ROHENA, Defendant and Appellant.

No. 6720.   Argued November 4, 1937.—Decided November 22, 1937.

302

■■■■■■■■■■■■■■■■

*C. Iriarte* and *Héctor González Blanes* for appellant. *R. A. Gómez,*
Prosecuting Attorney, and *Luis Janer, Assistant Prosecuting At-*
*torney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

■■■■ Justino Rohena was charged with an offense of
abandonment of minors, consisting in his having failed to
provide necessary food, clothing, and medical attention for
his alleged daughter María Antonia, without lawful excuse
for such abandonment. As his defense he averred that he
was not the father of the child in question. The District
Court of San Juan found him guilty and sentenced him to
15 days in jail, suspending the sentence, however, so long as
the defendant should pay $1.50 weekly to his alleged child.
The defendant appealed, assigning as error that the lower
court had found in its judgment that the defendant is the
father of the child, notwithstanding the fact that such re-
lationship had not been recognized in an authentic document
or previously established in an action for the recognition of
such minor as the natural daughter of the defendant.

Appellant's principal contention is that no one may be
convicted of an offense of abandonment of minors (Penal
Code, sec. 263), unless the relationship of father and natural
child between the defendant and the minor has not been
previously established by judgment in a proper filiation pro-
ceeding.

We do not agree with this contention of the appel-
lant. The fact of parentage, that is, the relationship of
father and natural child which may exist between the de-
fendant and the minor María Antonia, is a fact which could

have been shown in this criminal proceeding. See: Sections 128 and 129 of the Civil Code (ed. 1930).

In this case, the evidence offered by the prosecuting attorney consisted in the testimony of the mother of the child and of the child herself. Such testimony is clearly insufficient to show the relationship of parent and child between the defendant and the minor María Antonia.

We are in agreement with the Prosecuting Attorney that the record before us does not present a case in which the guilt of the defendant appears as a fact established beyond a reasonable doubt.

The judgment appealed from must be reversed.

Mr. Justice Wolf concurs in the result.

Mr. Justice Córdova Dávila took no part in the decision of this case.